

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DELWIN BERRY,

      Petitioner,

v.

WARE STATE,

      Respondent.

CIVIL ACTION NO.: 6:17-cv-46

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Delwin Berry ("Berry"), who is incarcerated at Ware State Prison in Waycross, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) For the reasons which follow, the Court **DENIES** Berry's Motions to Proceed *in Forma Pauperis*. (Docs. 2, 4, 9.) For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Berry's Section 2254 Petition and **DISMISS as moot** Berry's remaining Motions, (docs. 7, 8, 10, 12). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, **DENY** Berry *in forma pauperis* status on appeal, and **DENY** Berry a Certificate of Appealability.

## BACKGROUND

Berry filed this cause of action, pursuant to 28 U.S.C. § 2254, in this Court on March 30, 2017. (Doc. 1.) Along with his Petition, Berry filed a Motion for Leave to Proceed *in Forma Pauperis*, utilizing a form which differs from the form this Court prefers its prisoner-litigants to use when seeking to proceed without prepayment of the applicable filing fee. (Doc. 2.) The Court deferred ruling on Berry's Motion until he submitted the proper form and directed the

Clerk of Court to provide Berry with a blank *in forma pauperis* form.  (Doc. 3.)  The Clerk of Court mailed a blank copy of this Court's preferred form, (doc. 3-1), and the Court received no indication this mailing was returned as undeliverable or as otherwise failing to reach Berry. However, Berry submitted another Motion for Leave to Proceed *in Forma Pauperis*, and he once again failed to submit his Motion using the proper form.  (Doc. 4.)

The Court again deferred ruling on Berry's Motions for Leave to Proceed *in Forma Pauperis*.  (Doc. 6.)  The Court directed the Clerk of Court to send to Berry at his listed address another blank copy of the Application to Proceed *in Forma Pauperis* form this District wishes its prisoner-litigants to use with a copy of that Order.  The Court also ordered Berry to resubmit his Application within fourteen (14) days of that Order.  The Court further ordered Berry to resubmit his Application using only this Court's preferred form.  (Id. at p. 2.)

Berry responded to the Court's Order and filed another Motion for Leave to Proceed *in Forma Pauperis*.  (Doc. 9.)  However, Berry neglected to answer the questions relating to his prison trust account.  (Id. at p. 2.)  The Court informed Berry that, without this information, it could not determine whether Berry had the ability to pay the applicable filing fee, which is only $5.00 in this case.  The Court once again deferred ruling on Berry's Motions for Leave to Proceed *in Forma Pauperis*.  (Doc. 14.)  The Court directed the Clerk of Court to send to Berry at his listed address another blank copy of the Application to Proceed *in Forma Pauperis* form this District wishes its prisoner-litigants to use with a copy of its Order.  The Court ordered Berry to resubmit his Application within fourteen (14) days of that Order.  The Court also ordered Berry to resubmit a complete and accurate Application.  The Court forewarned Berry that his failure to abide by this Court's directives could result in the dismissal of this cause of action.  (Id. at p. 2.)  In addition, the Court advised Berry, should he fail to fully complete and return the

2

required documents or to pay the $5.00 filing fee within those fourteen (14) days, the Court would presume Berry no longer intended to pursue this action. (Id. at p. 3.) That Order was not returned to the Court as undeliverable or as otherwise failing to reach Berry. However, Berry has filed nothing in this case since that Order was entered. In fact, Berry has filed nothing in this case since June 21, 2017. (Doc. 13.)

## DISCUSSION

### I.   Dismissal for Failure to Follow this Court's Orders

As noted above, the Court directed Berry on several occasions to submit his Motion to Proceed *in Forma Pauperis* on the Court's preferred forms, which the Clerk of Court gave to Berry, and to provide the Court with complete and accurate financial forms. Berry has failed to comply with this Court's directives, despite being provided with several opportunities to do so. In addition, Berry was forewarned his failure to abide by this Court's directives could lead to the dismissal of his Petition. (See, e.g., Doc. 14, pp. 2–3.)

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua*

*sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute

Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Berry did not comply with this Court's Orders to submit the proper financial forms. In addition, Berry did not heed this Court's warnings that his failure to comply with this Court's Orders could result in the dismissal of his Petition. Consequently, the Court should **DISMISS without prejudice** Berry's Petition for Plaintiff's failure to follow this Court's Order. See Brown, 205 F. App'x at 802 (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Berry leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Berry has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the

factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Berry's failure to follow this Court's directives and failure to prosecute, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this

recommendation and denies Berry a Certificate of Appealability, Berry is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should also **DENY** Berry *in forma pauperis* status on appeal.

## CONCLUSION

The Court **DENIES** Berry's Motions to Proceed *in Forma Pauperis*. (Docs. 2, 4, 9.) For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Berry's Section 2254 Petition and **DISMISS as moot** Berry's remaining Motions, (docs. 7, 8, 10, 12). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, **DENY** Berry *in forma pauperis* status on appeal, and **DENY** Berry a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Berry.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of October, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA